IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

NEWNAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Petitioner, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | |
| | : | 3:07-CV-0019-JTC |
| THOMAS L. STRAUCH, | : | |
| | : | |
| Respondent. | : | |

## STATUS REPORT BY PETITIONER UNITED STATES OF AMERICA REGARDING CONTINUING FAILURE BY RESPONDENT THOMAS L. STRAUCH TO COMPLY WITH ORDERS OF THE COURT AND TO PURGE HIMSELF OF CIVIL CONTEMPT OF THOSE ORDERS

Petitioner United States of America, by and through its undersigned counsel, submits herewith petitioner's monthly status report regarding the continuing failure by respondent Thomas L. Strauch to purge himself of his ongoing civil contempt of Orders entered by the Court and respondent's apparent continuing failure to comply with the requirement that he pay five hundred dollars ($500) into the registry of the Court, on or before the first day of each month, as a condition of continuing to receive representation by appointed counsel in this case.

### STATEMENT OF THE CASE

On March 9, 2006, petitioner United States of America, on behalf of the Internal Revenue Service ("IRS"), pursuant to the

1

provisions of 26 U.S.C. §§7402(b) and 7604(a), filed a Petition to secure enforcement of an IRS Summons that was issued to respondent by IRS Revenue Officer K.O. Justice and with which respondent Strauch had failed to comply. [Doc. 1]. Respondent Strauch subsequently failed to comply with the Orders of this Court and produce the information sought through the IRS Summons.

Accordingly, petitioner United States filed a Motion to adjudicate respondent in civil contempt of the Court. [Doc. 8]. Thereafter, by Order filed January 12, 2007, the Court held respondent Strauch in civil contempt for failing to comply with the Orders of the Court and provide to the IRS the information sought through the IRS Summons. [Doc. 19].

After respondent failed to comply with Orders of the Court dated January 12, 2007, and January 24, 2007, petitioner filed a motion to modify the terms of the civil contempt sanctions imposed by the Court to achieve respondent's compliance with Orders entered by the Court and thereby purge himself of civil contempt. [Doc. 50]. By that motion, petitioner requested that respondent be incarcerated until such time as respondent complied with the Orders of the Court and provided to the IRS all information sought through the IRS Summons. [Doc. 50]. By Order dated October 26, 2007, the Court granted petitioner's motion to modify civil contempt sanctions imposed upon respondent for respondent's failure to

2

comply with the IRS Summons issued to him and Orders of the Court. [Doc. 59]. By such Order, the Court directed that respondent be taken into custody and detained until such time as respondent purged himself of civil contempt by complying with the IRS Summons and Orders of the Court. [Doc. 59].

Pursuant to that Order and an arrest warrant entered by the Court, respondent Strauch was taken into custody by Special Agents of the Internal Revenue Service on or about October 10, 2008. During respondent's initial appearance before United States Magistrate Judge Alan Baverman, on October 14, 2008, attorney Timothy Saviello, an attorney with the Federal Defender Program, was appointed to represent respondent. [Doc. 79].[1] During that appearance, respondent failed to establish that he had purged himself of civil contempt of the Court through compliance with the Orders of the Court and the IRS Summons. [Doc. 81].

Pursuant to the terms of an Order entered on December 24, 2009, the Court held a hearing, on January 14, 2010, at which respondent was present, to determine whether there is a realistic

---

[1]     The right to counsel extends to civil contempt proceedings if the respondent may lose his liberty as a consequence of the contempt proceeding. *United States v. McAnlis*, 721 F.2d 334, 337 (11th Cir. 1983). Magistrate Judge Baverman has directed respondent to pay five hundred dollars ($500) into the registry of the Court on the first day of each month as a condition of continuing to receive representation by appointed counsel in this case.

possibility that respondent Strauch will purge himself of civil contempt and comply with the Orders of the Court and the IRS Summons. [Docs. 97 and 98]. Respondent continues to remain in custody as of this date.

## DISCUSSION

"[C]ivil contempt sanctions are intended to coerce compliance with a court order." *In Re Lawrence*, 279 F.3d 1294, 1300 (11th Cir. 2000). "[W]hen civil contempt sanctions lose their coercive effect, they become punitive and violate the contemnor's due process rights." *Commodity Futures Trading Comm'n v. Wellington Precious Metals*, 950 F.2d 1525, 1530 (11th Cir. 1992). The burden is on the contemnor to establish that no realistic possibility exists that continued incarceration will result in compliance with a court's Orders. *Wellington*, 950 F.2d at 1531. "Prison time, in and of itself, will not satisfy [the contemnor's] burden of proving that there exists no 'realistic possibility' that he can comply with the court's contempt order." *Id.*

In accordance with these principles, the Eleventh Circuit has held:

> The district court must make an individual determination in each case whether there is a realistic possibility that the contemnor will comply with the order. We are mindful that "although incarceration for civil contempt may continue indefinitely, it cannot last forever."

*Lawrence*, 279 F.3d at 1300 (*quoting United States v. O.C. Jenkins*,

4

760 F.2d 736, 740 (7th Cir. 1985)).

In order that the Court may have information by which to reconsider, at reasonable intervals, whether respondent's continuing incarceration will continue to serve its purpose of coercing respondent to purge himself of civil contempt, petitioner provides this latest status report regarding respondent's continuing failure to purge himself of civil contempt by complying with the Orders of the Court and the IRS Summons.

As of the date of filing of this status report, respondent has not produced any information to petitioner, during the periods following respondent's appearance before Magistrate Judge Baverman and appearance before this Court on January 14, 2010, in an attempt by respondent to comply, in whole or in part, with the Orders of the Court and the IRS Summons issued to respondent.[2]  Moreover, respondent has not indicated that he intends to produce any information whatsoever in an effort to comply with the Orders of the Court and the IRS Summons issued to respondent.  Furthermore, there is no indication that respondent has made any of the $500 monthly payments that Magistrate Judge Baverman ordered respondent

---

[2]    Compliance with the Orders of the Court and purging of civil contempt will require respondent to comply not only with the IRS Summons but, in addition, pay into the registry of the Court one thousand dollars ($1000) in contempt sanctions that were imposed upon respondent by the Order of the Court dated January 24, 2007.

Strauch to pay into the registry of the Court, on or before the first day of each month, as a condition of continuing to receive representation by appointed counsel in this case. [Docs. 78 and 80].[3]

WHEREFORE, the foregoing Status Report respectfully is submitted for consideration by the Court.

Respectfully submitted,

SALLY QUILLIAN YATES
ACTING UNITED STATES ATTORNEY

/s/ Daniel A. Caldwell
DANIEL A. CALDWELL
ASSISTANT U.S. ATTORNEY
Georgia Bar No. 102510
Suite 600
Richard B. Russell Building
75 Spring Street, S.W.
Atlanta, Georgia 30303
Telephone:(404) 581-6224
Facsimile:(404) 581-6181
E-mail: dan.caldwell@usdoj.gov

---

[3]    If the first monthly payment of $500 was due to be deposited with the Court on or before November 1, 2008, respondent should have made seventeen (17) payments, totaling $8500, on or before March 1, 2010, as a condition of continuing to receive representation by appointed counsel.

6

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing document was prepared in Courier New 12 point font, one of the fonts and point selections approved by the Court in LR 5.1B, NDGa. for documents prepared by computer.

This 2nd day of March, 2010

                                    <u>*/s/ Daniel A. Caldwell*     </u>
                                    DANIEL A. CALDWELL
                                    ASSISTANT U.S. ATTORNEY

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the foregoing Status Report using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

    Timothy S. Saviello, Esq.
    Federal Defender Program
    Suite 1700
    The Equitable Building
    100 Peachtree Street, N.W.
    Atlanta GA 30303

    This 2nd day of March, 2010


                                        /s/ Daniel A. Caldwell
                                        DANIEL A. CALDWELL
                                        ASSISTANT U.S. ATTORNEY