IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

UNITED STATES,

   Plaintiff

   v.

THOMAS STRAUCH,

   Respondent

CIVIL CASE NO.
3:07-CV-19-JTC

**O R D E R**

Respondent has been incarcerated since October 10, 2008 for civil contempt for failing to comply with an I.R.S. Summons and with Orders of this Court. In that time, he has made no effort to purge himself of civil contempt. After holding a hearing and considering the facts in the record, the Court finds that no realistic possibility exists that Respondent will comply with the Court's orders. Accordingly, the Court **DIRECTS** the Bureau of Prisons to release Respondent from custody forthwith.

Incarceration for civil contempt is indefinite, but it is not permanent. It is the duty of this Court to make an individual determination that a realistic possibility exists that a contemnor will comply with the Court's orders. In re Lawrence, 279 F.3d 1294, 1300 (11th Cir. 2002). If the Court finds that no realistic possibility of compliance exists, the Court should order the contemnor released. Id.

The facts in this case indicate that no realistic possibility exists that Respondent will comply with the Court's orders.  First, Respondent has been incarcerated for seventeen months, which is nearly as long as he would have been incarcerated if he had pled guilty to the charge that he failed to pay $57,070 in federal taxes.  Had he pled, Respondent would have faced a guideline range of 12-18 months incarceration.  <u>See</u> U.S. Sentencing Guidelines Manual §§ 2T1.1(a), 2T1.1(b)(1), 3E1.1 (2009).  The duration of Respondent's incarceration indicates to the Court that he will not comply with the Court's orders.

Second, the consistency with which Respondent has advanced his jurisdictional objection to taxation indicates that his noncompliance will continue indefinitely.  In the five years since the I.R.S. issued its first summons to Respondent, and throughout his confinement, he has maintained that the United States lacks the jurisdiction to tax him.  Respondent submitted more than thirty pleadings in these matters, each of which reiterated this jurisdictional objection.  The fact that Respondent has never moved from this position, however how ill-founded in law and fact it may be, demonstrates that he will not comply with the Court's orders.

Third, the record contains no indication that Respondent's refusal to comply with the Court's orders is motivated by a desire for pecuniary gain.  In

some cases, a respondent may elect to remain incarcerated rather than forfeit a valuable asset.  That is not the case here.  The Government has already seized and sold Respondent's house, and no evidence in the record suggests that Respondent has other assets for the Government to seize.

Upon consideration of the facts described above, the Court finds that no realistic possibility exists that the Respondent will comply with the Court's orders.  Accordingly, the Court **DIRECTS** the Bureau of Prisons to release Respondent from custody forthwith.

**SO ORDERED**, this 7th day of March, 2010.

_____
JACK T. CAMP
UNITED STATES DISTRICT JUDGE